30001   ROSS, guardian, *v.* FORSYTH COTTON MILLS.

DECIDED APRIL 28, 1943.

*T. E. Whitaker, John D. Allen, A. A. Baumstark,* for plaintiff.
*E. W. Maynard,* for defendant.

BROYLES, C. J.   Mrs. Eula Ross, widow of N. B. Ross, as mother and natural guardian of Evelyn Ross, minor dependent, filed a claim against Forsyth Cotton Mills with the Industrial Board asking compensation for said dependent because of the accidental death of her father, N. B. Ross, an employee of Forsyth Mills. Upon a hearing of the claim, the director awarded compensation to the claimant. That award was reversed by the board. Upon an appeal to the superior court the ruling of the board was affirmed, and that judgment is assigned as error.

The undisputed evidence disclosed the following facts: On October 23, 1939, N. B. Ross was an employee of Forsyth Cotton Mills and had worked there for several years. His duties were of a mechanical nature and involved making minor repairs to articles brought to him at the company's shop. It was also a part of his duties to make such repairs to machinery in other rooms of the mills. The mills were enclosed by a fence and the only way of ingress or egress was by a gate. On October 23, 1939, at about 11 o'clock, a. m., while the mills were in operation, Ross went through the gate and out of the enclosure, and walked about forty feet to a railroad track. He got on the track and was walking on it when

he was struck and killed by a moving railroad train. Outside of the enclosure the Georgia Power Company had erected a pole and installed a meter thereon. The claimant contended that the deceased went out of the enclosure, either for the purpose of reading the meter, or to consult with an agent of the power company about "a power test" of the meter, which was to be made at about the hour the deceased left the enclosure. However, the preponderance of the evidence amply authorized the full Industrial Board to find that all of the duties of the deceased were to be performed *inside* of the enclosure, that a reading of the meter was not a part of his duties, and that he had no authority to consult with any agent of the Georgia Power Company about a power test of the meter. In short, the evidence amply authorized the Industrial Board to find that the deceased, at the time of his death, was not acting within the scope of his employment. The sustaining of the board's award was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*